**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ALLIANZ CHINA GENERAL INSURANCE COMPANY, LTD.,

    *Plaintiff*,

v.

TRANSATLANTIC MARINE CLAIMS AGENCY, INC. and DAVID TAN,

    *Defendants*.

Civil Action No. 18-17178

**AMENDED OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on Plaintiff Allianz China General Insurance Company's unopposed motion for default judgment against Transatlantic Marine Claims Agency ("Transatlantic") and David Tan (collectively "Defendants") under Federal Rules of Civil Procedure 54(c) and 55(b). D.E. 32. Upon initial review of Plaintiff's Complaint, D.E. 6, and motion for default judgment, D.E. 32, the Court determined that Plaintiff's filings did not demonstrate that this Court had personal jurisdiction over Defendants; the Court also found that Plaintiff's filings failed to specify the applicable substantive law for each of Plaintiff's four claims.

    The Court entered an Order on November 13, 2020, directing Plaintiff to file a submission on the docket by December 1, 2020 to (1) demonstrate the Court's personal jurisdiction over Defendants and (2) detail the substantive law that applies to each of Plaintiff's claims. D.E. 33.

Plaintiff filed its submission on December 4, 2020.  D.E. 34.  For the reasons discussed below, the Court finds Plaintiff's submission deficient.

First, the Court finds that Plaintiff has failed to demonstrate the Court has personal jurisdiction over Defendants.  Prior to entering a default judgment, the court must "determine it has jurisdiction . . . over the . . . parties," among other requirements.  *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015).  The Complaint does not allege that Defendants are citizens of New Jersey, nor does it allege that Defendants had sufficient minimum contacts with New Jersey.

Plaintiff's supplemental filing on personal jurisdiction asserts that "the Court's jurisdiction over the Defendants is proper as the matter was transferred with the Defendants' consent from the Southern District of New York to the District of New Jersey pursuant to 28 U.S.C. § 1404(a)."  D.E. 34 at 1.  No case law is cited in support of this assertion.  The submission goes on to explain that the parties in this case were involved in previous litigation in the District of New Jersey, and provides a review of the procedural history leading up to the decision of the Hon. Alison Nathan, U.S.D.J. to transfer the case from the Southern District of New York to the District of New Jersey.  *Id.* at 2-3.  Plaintiff then cites to a case from the District of New Jersey, *Schwartz v. Planalytics*, Inc., No. 16-3933, 2017 WL 2812878 (D.N.J. June 29, 2017), for the proposition that the district court in which a case was filed – even if it lacks personal jurisdiction – can transfer the action to another district court pursuant to 28 U.S.C. § 1404(a).  *Id.* at 3-4.

The law cited by Plaintiff is inapposite to the current issue – whether a defendant who consents to a venue transfer in a default judgment case has also consented to personal jurisdiction in the transferee forum.  Plaintiff's supplemental filing has failed to demonstrate that this Court has personal jurisdiction over Defendants.

Second, the Court finds that Plaintiff has failed to establish the controlling substantive law for each count in the Complaint. Before entering a default judgment, a court must also "analyze the Complaint to determine whether it sufficiently pleads a cause of action," among other factors. *Moroccanoil, Inc.*, 2015 WL 6673839 at *1. The Complaint alleges four counts against defendants: (1) breach of a fiduciary duty; (2) breach of contract; (3) negligence; and (4) alter ego liability against Tan. Neither the Complaint nor Plaintiff's motion for default judgment provided any information on which substantive law to apply to each cause of action. The Complaint details that Allianz is a Chinese company with a principal place of business in China, and that Defendant Transatlantic is a New York Corporation with a principal place of business in New York. Compl. ¶¶ 1-2. Absent from Plaintiff's filings are any allegations about where the alleged causes of action occurred, and which jurisdiction's laws govern the claims raised in this case.

Plaintiff's supplemental filing states that New Jersey choice-of-law principals apply because New Jersey is the forum state, and that for each cause of action, there is no substantial conflict between New York and New Jersey law. D.E. 34 at 4-6. Ordinarily, a court sitting in diversity must resolve choice of law questions by applying the choice of law analysis adopted by the forum state. *Pollock v. Barrickman*, 610 F. Supp. 878, 879 (D.N.J. 1985) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941)). However, "after transfer by either party, when '[f]aced with a choice-of-law question, federal courts in the district to which the case has been transferred under § 1404(a) must apply the law of the transferor state.'" *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011). Because this case was originally filed in the Southern District of New York, New York's choice-of-law analysis applies. Thus, Plaintiff must conduct the appropriate analysis under New York choice-of-law rules to demonstrate which substantive law the Court should apply. It is also not clear to the Court why New Jersey law might govern the

3

causes of action raised in the Complaint because there are no allegations that appear to tie any of the alleged misconduct to New Jersey. The Court finds that Plaintiff's supplemental filing was insufficient to establish which jurisdiction's substantive law applies to the causes of action raised in the Complaint.

For the foregoing reasons, and for good cause shown,

IT IS on this 9th day of December, 2020

**ORDERED** that Plaintiff shall have thirty (30) days from the date of this order to file a submission on the docket curing the deficiencies noted herein;[1] and it is further

**ORDERED** that the Court administratively terminates Plaintiff's pending motion for default judgment, D.E. 32; and it is further

**ORDERED** that the Court shall reinstate the pending motion for default judgment after Plaintiff files its submission curing the deficiencies noted herein.

_____
John Michael Vazquez, U.S.D.J.

---

[1] The Court notes that it previously ordered Plaintiff to supply the required information by December 1, 2020. Plaintiff, however, did not file until December 4 and did not seek leave to file late (much less provide a reason for doing so). Plaintiff must make its next submission in a timely fashion or the Court will disregard it.